UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINDA NOMESIRI,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>  Defendants. | No.  2:20–cv–1440–TLN–KJN PS<br><br><u>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND</u><br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

///

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21). <u>See</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff asserts one claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against defendant U.S. Department of Education. (See ECF No. 1.) Plaintiff alleges that he submitted a "Loan Discharge Application: False Certification" form to the Department, asserting that a student-loan debt of approx. $63,000 was not his. (Id. at 3.) After the Department informed him that he "do[es] not qualify for discharge" and that he "may file a lawsuit in U.S.

1  Federal District Court if he disagrees," plaintiff filed this suit.  (Id.)  He requests "the U.S.

2  Department of Education delete all information regarding false accounts, stop all debt collecting

3  process and wage garnishments, refund income tax garnishments, and notify all Credit Bureaus

4  on updated information."  (Id.)

5        Despite the Department's suggestion that plaintiff should file a lawsuit if he disagreed

6  with the denial of discharge due to False Certification (see ECF No. 1 at 26), plaintiff's claim

7  under the FDCPA against the Department must be dismissed.  The stated purpose of the FDCPA

8  is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).  Thus,

9  to state a claim under the FDCPA, the defendant must be a "debt collector" as defined by the act:

10         The term "debt collector" means any person who uses any
   instrumentality of interstate commerce or the mails in any business
11 the principal purpose of which is the collection of any debts, or who
   regularly collects or attempts to collect, directly or indirectly, debts
12 owed or due or asserted to be owed or due another.

13  15 U.S.C. §1692a(6).  As many courts have noted, the Department of Education is not a "debt

14  collector" under this definition because:  "(1) debt collection is not the 'principal purpose' of the

15  Department of Education, and (2) The Department of Education does not collect or attempt to

16  collect the debts of third parties–any debt that it collects is its own."  Normela Upshaw v. United

17  States Department of Education, CV 17-00164-SJO, 2017 WL 7171525, *4 (C.D. Cal. Sept. 18,

18  2017); see also Garcia v. Equifax Information Services LLC, 2:18-cv-02311-RFB-VCF, 2020

19  WL 1549608 (D. Nev. April 1, 2020); Hazlett v. United States Department of Education, 1:17-cv-

20  1026-LJO-BAM, 2017 WL 3601366, *3 (E.D. Cal. Aug. 22, 2017) ("Claims under the Fair Debt

21  Collection Practices Act may not be brought against 'any officer or employee of the United States

22  or any State to the extent that collecting or attempting to collect any debt is in the performance of

23  his official duties.'") (quoting 15 U.S.C. 1692a(6)(C)).  Thus, because plaintiff alleges one claim

24  under the FDCPA connected to the Department's attempts to collect an alleged student debt, the

25  undersigned must dismiss plaintiff's claim.

26        In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could

27  allege additional facts to potentially state claims regarding his "False Certification" issue, the

28  court finds it appropriate to grant plaintiff an opportunity to amend.  Lopez, 203 F.3d at 1130-31.

1    If plaintiff elects to file an amended complaint, this new pleading shall be captioned "First Amended Complaint," and be limited to 10 pages (excluding any necessary exhibits).  Therein, plaintiff shall set forth any claims in separate sections, and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants X, R, and S, etc.).  He may include a general background facts section to orient the reader, and include his statements for jurisdiction, venue, and relief sought as is necessary.

The court cannot refer to a prior complaint or other filing in order to make the amended complaint complete.  As a general rule, once the first amended complaint is filed, the original complaint is superseded and no longer serves any function in the case.  See Local Rule 220.

Finally, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Plaintiff's amended complaint (or notice of voluntary dismissal) shall be filed within 28 days of this order.  Should plaintiff require additional time to research his potential claims, or obtain counsel to represent him, he may request an extension of time to do so.  Failure to file one of these things by the deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff's complaint is DISMISSED under 28 U.S.C. § 1915; and
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order; (b) a notice of voluntary dismissal without prejudice; or (c) a request for extension of time to amend (stating the reasons the extension is needed).

Dated:  July 23, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nome.1440