UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINDA NOMESIRI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>　　　　Defendants. | No.  2:20–cv–1440–TLN–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND DIRECTING SERVICE<br><br>(ECF No. 2, 3.) |

On July 17, 2020, plaintiff, who proceeds in this action without counsel, filed a complaint and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)[1]  The court granted plaintiff's IFP request, screened the complaint, and found it failed to state a claim.  (ECF No. 3.)  The court granted plaintiff leave to amend, and on August 12, 2020, plaintiff filed his first amended complaint ("1AC").  (See ECF No. 4.)  Under 28 U.S.C. § 1915, the court must again screen the complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

As plaintiff alleged in the original complaint, he contends he submitted a "Loan Discharge Application: False Certification" form to the Department, asserting that a student-loan debt of approx. $63,000 was not his.  (ECF No. 4 at 3.)  Whereas in the original complaint plaintiff raised

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

a claim under the Fair Debt Collection Practices Act, which the court found inapplicable, the 1AC raises a claim under 34 C.F.R. § 685.215 "Discharge for false certification of student eligibility or unauthorized payment." (Id. at 2.) Plaintiff attaches certain correspondence with the Department indicating he participated in an administrative review process concerning this claim and was denied relief. (Id. at 26.) Plaintiff prays for the Department to "delete all information regarding false accounts." (Id. at 4.)

The facts stated in the 1AC, as well as the statement made by the Department in its final letter to plaintiff, indicate plaintiff is requesting a review of the Department's final decision. See, e.g., Salazar v. King, 822 F.3d 61 (2d Cir. 2016) (wherein plaintiffs alleged the DOE violated the Administrative Procedures Act by arbitrarily and capriciously refused to suspend collection on certain student loans); Johnson v. U.S. Dept. of Educ., 580 F.Supp.2d 154 (D.D.C. 2008) (allegations that Department of Education inappropriately failed to discharge plaintiff's student loans under 34 C.F.R. § 685.215 due to false certification were considered under the APA, 5 U.S.C. § 706(2)(A)). Based on the limited record before the court, and mindful of plaintiff's pro se status, enough information has been presented for the court to conclude that the action is potentially not frivolous, and the court cannot conclude that no claim may be stated under these facts, or that plaintiff is only seeking monetary relief from an immune defendant. 28 U.S.C. § 1915; see also Washington v. Duncan, 2016 WL 324989 (E.D. Wis. Jan 26, 2016) (liberally construing plaintiff's complaint regarding false certification as an action for review under the APA.) The court reserves its decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude the Department from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method. Accordingly, the court orders service of the 1AC on defendant.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of the complaint is appropriate for Defendant U.S. Dept. of Education;
2. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4;
3. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this

court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

4. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served.

5. Plaintiff shall supply the U.S. Marshal (501 I St., 5th Floor, Sacramento, CA 95814), within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal;

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

7. If defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve defendant of this requirement, and the failure to return the signed waiver may subject defendant to an order to pay the costs of service by the U.S. Marshal;

8. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 14, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nome.1440